IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RICKY D. STARKS | § | |
| v. | § | CIVIL ACTION NO. 6:06cv444 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Ricky Starks, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Starks was convicted of aggravated robbery, receiving a sentence of 60 years in prison. He previously sought federal habeas corpus relief concerning this conviction in a case styled Taylor v. Director, TDCJ-CID, civil action no. 6:00cv105; this petition was dismissed on August 14, 2000, and his request for a certificate of appealability was denied on February 16, 2001. The Supreme Court subsequently denied Starks' request for a certificate of appealability.

On June 29, 2006, Starks filed a petition in the Fifth Circuit Court of Appeals, asking for leave to file a successive habeas corpus petition. This request was denied on August 8, 2006.

Despite this denial, Starks filed the present petition on October 3, 2006. Although he is challenging the same conviction in a second proceeding, he says that his claim is not successive because it has not previously been raised or rejected on the merits, and he has never been cited for abuse of the writ. Starks says that he has "newly discovered evidence" showing that he is actually innocent of the crime. Starks adds that the Fifth Circuit's order denying him leave to file a

successive petition was done because his claim of denial of due process in the state habeas proceeding is not cognizable, and his claim of ineffective assistance of counsel relied on new evidence which was discoverable through due diligence. However, Starks says, the "new record supplements" which establish his claim of actual innocence are "not included" in the Fifth Circuit's order.

On October 23, 2006, the Magistrate Judge issued a Report recommending that the petition be dismissed until such time as Starks receives permission from the Fifth Circuit to file a successive petition. The Magistrate Judge noted that under 28 U.S.C. §2244(b)(3), a habeas corpus applicant filing a second or successive petition must move in the appropriate court of appeals for an order authorizing the district court to consider the application, and said that Starks' claim of new evidence showing innocence does not mean that he can simply bypass the statutory procedures. The Magistrate Judge stated that whether Starks' claim of newly discovered evidence is sufficient to allow him to proceed is a matter for the Fifth Circuit, not the district court, to consider in the first instance, and recommended that the petition be dismissed without prejudice until such time as Starks obtains permission from the Fifth Circuit to file a successive petition.

Starks filed objections to the Magistrate Judge's Report on November 8, 2006. In his objections, Starks acknowledges that his present claim of actual innocence was presented to the Fifth Circuit in his motion for leave to file a successive petition, but the Fifth Circuit did not say that the district court could not consider it. He says that the Fifth Circuit had no statutory authority to deny authorization to consider a claim of actual innocence, and that Section 2244(b), cited by the Magistrate Judge, refers to a "time bar analysis." He asks that the district court review his evidence of innocence under the "miscarriage of justice" exception and argues that his petition cannot be dismissed until it is shown that he does not have a colorable claim of innocence.

Starks' objections are without merit. The statutory authority for requiring petitioners to obtain leave to file second or successive petitions is found, as the Magistrate Judge said, in 28 U.S.C.

§2244(b). Although Starks says that this statute refers to a time bar analysis, the time bar is in fact found in 28 U.S.C. §2244(d).

Under the statute, the applicant must obtain an order authorizing the district court to consider the second or successive application. There is no such order in this case. Starks' contention that "the Fifth Circuit did not say that the district court could not consider it" is therefore without merit.

Although Starks argues at length that his claim should be considered because he is actually innocent, the Magistrate Judge correctly observed that this contention must be presented to the Fifth Circuit, not the district court. This Court offers no opinion as to the merits of Starks' claim, but the district court cannot consider this claim until authorized to do so by the Fifth Circuit. Hence, the Magistrate Judge properly recommended that this petition be dismissed without prejudice, subject to Starks' obtaining an order authorizing the district court to consider his successive petition. Starks' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice, with refiling subject to receipt by the petitioner of leave to file a second or successive habeas corpus petition, such leave being obtained from the Fifth Circuit Court of Appeals. 28 U.S.C. §2244(b). Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 5th day of December, 2006.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**